## W. H. Davis et al. v. E. D. Davis et al.

### Decided November 17, 1906.

**1.—Suit by Heirs—Testimony—Article 2302, Revised Statutes, Construed.**

In a suit by heirs to recover land conveyed by the intestate it was not error to refuse to allow one of the plaintiffs to testify as to statements by the intestate concerning said conveyance, although said statements were made in the presence of the defendant.

**2.—Corroborative Testimony—Statements Ante Litem Motum.**

To the general rule that evidence of what a witness has said out of court can not be received in support of his testimony in court there is a well established exception, viz.: Whenever a witness is sought to be impeached by showing that he has made declarations inconsistent with the testimony given by him upon the trial, and the tendency of such impeaching evidence is to impute to the witness a design to misrepresent from some motive of interest, or to show that his testimony is a fabrication, a former declaration, made by him at a time when the supposed motive did not exist, is admissible in confirmation or corroboration of his testimony.

**3.—Same—Issues—Competent Testimony.**

When the plaintiffs alleged and introduced testimony to show that the grantee in the deed in question did not know of, and had never accepted, said deed during the lifetime of the maker, her declarations during the lifetime of the maker showing that she did know of, and had accepted said deed, were pertinent and proper testimony.

**4.—Second Deposition of Same Witness—Discretion of Court.**

Where the defendant propounded interrogatories to a witness and the plaintiff filed cross interrogatories, procured a commission and took the answers, and subsequently the defendants procured a commission and took the answers of the witness again to the same interrogatories, the admission of the deposition taken by the defendant was a matter in the discretion of the court, and in the absence of a showing that such discretion was abused to the material injury of the plaintiffs, the court's action will not be reviewed.

**5.—Absence of Evidence—Refusal to Submit Issue.**

Because there was no evidence of sufficient probative force to have warranted the jury in finding that the grantee in the deed in question knew at any time that the deed was merely colorable, and the intention of the grantor was not to pass title to the land thereby to the grantee, it was not error to refuse to submit such issue to the jury.

**6.—Deed—Intention of Grantor—Effect.**

Where the husband for a valuable consideration makes, acknowledges and places on record a deed to his wife as a result of an understanding between them, the deed becomes an executed contract, and the secret, undisclosed intention of the grantor not to divest himself of the title to the land would not prevent the deed from taking effect.

**7.—Fraudulent Conveyance—Binding Between Parties.**

Where a husband makes a deed to his wife for the purpose of defrauding his creditors neither he nor his heirs can avoid the same by pleading and proving such purpose.

**8.—Deed—Intention of Parties—Effect.**

Where neither of the parties to an instrument in the form of a deed intends that the title shall pass thereby the title will remain in the grantor.

**9.—Interrogatories Taken as Confessed—Discretion of Court.**

Whether or not interrogatories which a party refuses to answer should be

taken as confessed is a question addressed to the sound discretion of the presiding judge under all the circumstances, and unless it appears that such discretion has been abused his action will not be disturbed.

Error from the District Court of Ellis County.  Tried below before Hon. J. E. Dillard.

*McRea & Lumkins* and *Frost & Neblett,* for plaintiffs in error.—The court committed material and reversible error in excluding from the jury the testimony of Mrs. John Smith as to the statement made by Lum Davis in 1888, said statement being against the interest of the said Davis, and the defendants claiming under the said Davis were bound by said statements, and showed that the property in controversy in 1888 after the execution of the deed in 1877 belonged to R. C. Davis.  Harris v. Seinsheimer, 67 Texas, 356.

The court committed material and reversible error in permitting the witness Mrs. Timmons to testify that Mrs. Davis, the defendant in the case, told her that he, Lum Davis, the deceased husband of the defendant Mrs. E. D. Davis, had given her all of his property, because said statement was but the declaration of Mrs. Davis and was self-serving and she could not make testimony for herself in this way.  Porter v. Metcalf, 84 Texas, 468; Wallace v. Berry, 83 Texas, 329.

The deposition of the witness, Mrs. Clayton, having been taken twice previous to the time the deposition offered was taken, and the deposition offered having been taken without the consent, order or permission of the court, it was reversible error for the court to permit such testimony to be offered over the objection of plaintiffs.  Evansich v. Gulf, C. & S. F. Ry. Co., 61 Texas, 24; White v. Houston & T. C. Ry. Co., 46 S. W. Rep., 382.

The court committed material and reversible error in permitting the witness, Mrs. Clayton, to testify over the objection of plaintiffs, as follows:

"I heard my sister say that the deed (meaning the deed in controversy) was made on the day she and her husband, R. C. Davis, went to Waxahachie, and that the deed was made to her on that day of the trip to Waxahachie, and that the work of drafting the deed was done on that day.  I don't remember the exact date on which my sister told me that this deed had been made to her, but it was a short while after she and her husband had returned from Waxahachie, not more than two weeks anyway; and at the time she told me about this deed having been made to her by her husband there was no one present except herself and me;" because such testimony was nothing more than a declaration of Mrs. Davis made in her own interest.  Wallace v. Berry, 83 Texas, 332; Porter v. Metcalf, 84 Texas, 474; Downey v. Taylor, 48 S. W. Rep., 541.

The court erred in refusing the first special charge asked by plaintiffs, as follows, to wit:

"Though you may find from the evidence that the defendant E. D. Davis knew of the execution of the purported deed from R. C. Davis to her, and that the same was delivered to her prior to the death of R. C. Davis, yet if you further find from the evidence that when said

instrument was executed by him, he did not intend by the same nor by the delivery thereof (if there was a delivery) to divest himself of the title to the land therein described, and that the defendant E. D. Davis knew at the time that R. C. Davis did not intend thereby to divest himself of title to said land, then you should find for the plaintiffs." Brown v. Brown, 61 Texas, 56; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635.

The court erred in refusing to give special charge number 2, asked by plaintiffs, which is as follows:

"In addition to the general charge given herein, you are further instructed that if from the evidence you believe that it was not the intention of R. C. Davis, when he signed, acknowledged and placed on record the instrument claimed by the defendants to be a deed, to divest himself of the actual ownership of the land described therein, by such transaction, then such instrument did not constitute a conveyance of the land in controversy, and under such circumstances, if they exist, your verdict should be for the plaintiffs." Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Brown v. Brown, 61 Texas, 56.

The court erred in that part of his main charge to the jury wherein he instructed them in effect that, if at the time the said R. C. Davis executed the deed in controversy, he did so for a valuable consideration, intending at the time to convey the title to her, and that she was informed of such conveyance, and assented thereto, then no subsequent acts or declarations of said Davis, such as claiming the same as his own property or selling a portion of the same, or rendering the same for taxes in his own name, would have the effect to vitiate his deed thus made to E. D. Davis. International & G. N. Ry. Co. v. Ormond, 62 Texas, 277; Medlin v. Wilkins, 60 Texas, 415; Gulf, C. & S. F. Ry. Co. v. Shearer, 21 S. W. Rep., 133; Johnson v. Richardson, 52 Texas, 493; Galveston H. & S. A. Ry. Co. v. Kutac, 76 Texas, 478.

The court erred in failing and refusing to take as confessed the ex parte interrogatories propounded by the plaintiffs to the defendant on the 18th day of October, 1904, because said interrogatories were presented to the defendant upon the commission issued by the clerk of the District Court where the case was pending, and they sought to elicit, and if taken as confessed, would have established, material matters in the interest of the plaintiffs. Said defendant had an opportunity to answer said questions, her answers were demanded and she was advised by the notary that her failure to answer would be taken by the court as a confession of the truth of the questions propounded. Bounds v. Little, 75 Texas, 316; Gulf, C. & S. F. Ry. Co. v. Nelson, 5 Texas Civ. App., 387.

*Templeton & Harding,* for defendants in error.

TALBOT, ASSOCIATE JUSTICE.—This is an action in the ordinary form of trespass to try title by plaintiffs in error as the heirs at law of R. C. Davis, deceased, to recover of E. D. Davis, the surviving widow of the said R. C. Davis, and of Stewart Freeman, about 560 acres of land, a part of the Benjamin Smith survey, situated in Ellis County. Defendants pleaded not guilty and the statute of limitation of three,

five and ten years. The plaintiffs, by supplemental petition, alleged that R. C. Davis, deceased, was the common source of title; and in reply to defendants' plea of limitation, pleaded coverture, minority, etc. They further pleaded that the defendants were asserting claim to said lands by virtue of an alleged deed purporting to have been executed by said R. C. Davis to Mrs. E. D. Davis in 1877; that at the time of the execution of said deed, R. C. Davis was financially involved and the deed was made to protect and save his property from creditors; that said deed was not executed for the purpose of conveying any title to said land to the said E. D. Davis, and was never delivered to her nor accepted by her; that the recited consideration therein of $2,575, was fictitious and in fact there was no consideration paid or promised to be paid for the execution of said deed. That after the execution of said deed R. C. Davis treated, handled and managed the land therein described as his own, and that Mrs. Davis did not know anything about said deed until after the death of the said R. C. Davis. A jury trial on October 21, 1904, resulted in a verdict and judgment for defendants and plaintiffs have brought the case to this court by writ of error.

The court did not err in refusing to permit the witness Mrs. John E. Smith to relate the conversation which she claims to have had with R. C. Davis in reference to the property in controversy. This action of the court is made the basis of plaintiffs in error's first assignment of error and the material portion of the proposed testimony was to the effect that R. C. Davis, in the presence of Mrs. E. D. Davis, and while going from his home to the railway station at Waxahachie with the witness in 1888, stated that neither he nor his wife had any children and that they had "arranged it so that when either died the property of each would go to his or her side of the house, that is, to her heirs, her property, and to his heirs my property." The witness, Mrs. Smith, was a party to the suit, suing as the heir of R. C. Davis, deceased. She had not been called by either of the defendants to testify to the statement excluded and such testimony clearly falls within the inhibition of article 2302 of the Revised Statutes, 1895, to the effect that in suits by or against the heirs or legal representatives of a decedent "neither party shall be allowed to testify against the others as to any transaction with or statement by the testator on intestate . . . unless called to testify thereto by the opposite party."

The trial court permitted the defendants, over the objection of plaintiffs, to read in evidence the following question and answer, a part of the deposition of the witness Mrs. Mattie Timmons, namely: "Q. In the lifetime of Lum (R. C.) Davis, did you at any time hear Mrs. E. D. Davis, the wife of Lum Davis, speak with reference to any disposition of his land? If so please state in your answer what you heard Mrs. Davis say in reference thereto. A. Yes, I have heard Mrs. Elizabeth D. Davis, wife of Lum Davis, speak with reference to the disposition by Lum Davis of his land. I was at her house in 1884 on a visit before I was married, and speaking of the property she remarked to me that her present husband, Lum Davis, had fixed the property so that she would have no trouble over it, as he had given it all to her." Plaintiffs in error objected to this testimony on the ground that it

was a declaration of Mrs. Davis in her own favor, self-serving and for the purpose of vesting title in herself. The objections were overruled and the court's action is assigned as error. We think there was no error in the admission of this testimony. Whether Mrs. E. D. Davis knew of the existence of the deed, by the terms of which the land in question was conveyed to her by her husband, R. C. Davis, in 1877, and assented to the same before his death, became material issues by the pleadings of plaintiffs and the evidence offered in support thereof. R. C. Davis died in February, 1892, and the testimony admitted over plaintiffs' said objections related to a conversation that occurred in 1884. We are of the opinion the declarations of Mrs. Davis to the witness Mrs. Timmons were admissible as circumstances tending to show her knowledge of said deed and an acceptance of the same by her before her husband's death. (Terrell v. McCown, 91 Texas, 231.) Again, it is made to appear that before the testimony of Mrs. Timmons was offered plaintiffs had introduced in evidence the depositions of Mrs. Lloyd and John K. Smith to the effect that Mrs. E. D. Davis had told each of them since the death of her husband, R. C. Davis, that she did not know anything of the deed from him to her until after his death. Mrs. Davis denied having made the statement imputed to her by Mrs. Lloyd and Smith and testified that she knew that her husband had deeded her the land in 1877; that her husband told her of it at the time he made the deed; that she and her husband went to town together on the day the deed was executed and he told her that day he had made it and often told her the same afterwards. It is apparent that the declaration of Mrs. Davis, as testified to by Mrs. Lloyd and Smith, is contradictory of her testimony given upon the trial and that her statement to Mrs. Timmons is in accord with such testimony. To the general rule that evidence of what a witness has said out of court can not be received in support of his testimony given upon the trial, there is a well established exception. The exception is that "Whenever the witness is sought to be impeached by showing that he has made declarations inconsistent with the testimony given by him upon the trial and the tendency of such impeaching evidence" is to impute to the witness a design to misrepresent from some motive of interest, or that, because of some influence operating upon him at the time, his statement is a fabrication, a former declaration, made by him at a time when the supposed motive did not exist, is admissible in confirmation or corroboration of his evidence. (Lewy v. Fischl, 65 Texas, 311; Aetna Ins. Co. v. Eastman, 95 Texas, 34.) In the case of Lewy v. Fischl, supra, whether or not appellee had been a dormant partner in the firm of Marek & Marek, had put money into the business and when he dissolved with them, they paid him for his interest, $3,000, in their note due in six months, were material issues. Appellee testified that he had been such partner and had put $2,300 into the business. Appellant introduced evidence tending to show that appellee had not been such partner and had not put any money into the business of the firm. The appellee was then permitted to show, over objection, that long before the suit and before the controversy arose, when plaintiffs were not present, he stated that he was such partner and that Marek & Marek were his debtors in a large amount. In discussing the admissibility of these

declarations, Judge Robertson said: "The issue formed by the plaintiff's evidence was whether appellee's debt was not fictitious, and the theory of its origin and consideration an invention parented by the necessity of his case. On this issue the testimony complained of was material. It showed appellee had the same conception of the facts before the imputed motive could exist that he had at the trial and certainly was corroborant of his testimony. His declarations were, therefore, properly admitted." For the same, and as an additional reason to the one given above, we think the declarations of Mrs. Davis complained of by plaintiffs in error in this case, were admissible. Her statement to Mrs. Timmons was made during the lifetime of her husband and at a time when she, Mrs. Davis, could not reasonably have anticipated that her knowledge and acceptance of the deed from her husband would be questioned or that her right to the land therein conveyed would be challenged by plaintiffs. Plaintiffs in error's fourth assignment presents a similar question and what is here said disposes of it adversely to their contention.

In their third assignment of error plaintiffs in error complain of the court's action in admitting in evidence, over their objection, the deposition of Mrs. Hattie C. Clayton, whose testimony was material on the issue of Mrs. E. D. Davis' knowledge of and assent to the deed made by her husband conveying to her the land involved in this suit. To the introduction of said deposition, plaintiffs in error objected on the ground that the depositions of said witness had been taken twice previous to the time the deposition offered was taken, and that the deposition offered had been taken without the consent, order, or permission of the court. The assignment is not well taken. It appears by the trial judge's explanation appended to the bill of exceptions reserved to the admission of this deposition, that the depositions of this witness had been taken by plaintiffs in error some time in March, 1903, which could not be found; that it was explained to the court that the first depositions were not upon the same subject matter as those afterwards taken. That it was further shown that defendants in error, for the first time, propounded interrogatories to take the depositions of the witness Mrs. Clayton and presented them to plaintiffs in error's attorney April 4, 1903, and that on the same day said plaintiffs' attorney filed cross interrogatories and themselves at once procured a commission and had the answers of said witness taken in Tennessee on April 8, 1903; that on April 7, 1903, defendants in error procured a commission on their direct and plaintiffs' cross interrogatories and had the answers of the witness taken again in Tennessee on April 13, 1903; that the commission taken out by said plaintiffs on April 4, 1903, was returned to the court April 11, 1903, and on the same day opened at the request of plaintiffs' attorneys and was still on file; that the depositions taken by said defendants were returned into court April 16, 1903, and opened at the request of plaintiffs' attorneys on the same day. The admission of the depositions objected to was a matter within the discretion of the trial court, and in the absence of a showing that such discretion was abused to the material injury of plaintiffs the court's action will not be reviewed. No such abuse has been shown and the assignment of error

will be overruled. (White v. Houston & T. C. Ry. Co., 46 S. W. Rep., 382.)

The refusal of the court to give the following special charge, asked by plaintiffs, is assigned as error: "Though you may find from the evidence that the defendant E. D. Davis knew of the execution of the purported deed from R. C. Davis to her, and that the same was delivered to her prior to the death of R. C. Davis, yet if you further find from the evidence that when said instrument was executed by him, he did not intend by the same nor by the delivery thereof (if there was a delivery) to divest himself of the title to the land therein described, and that the defendant E. D. Davis knew at the time that R. C. Davis did not intend thereby to divest himself of title to said land, then you should find for the plaintiffs." This charge seems to have been predicated upon the theory that the deed of R. C. Davis to his wife, although reciting a valuable consideration, and purporting to be an absolute conveyance of the land, was in fact a simulated transaction and no title passed thereby. The charge embodies a correct proposition of law and is applicable in a case where such a transaction may be deduced from the evidence. But we are of the opinion the jury would not have been warranted in drawing such deduction, with reference to the transaction in question, from the evidence found in the record before us. For this reason we conclude the charge was properly refused. There was some testimony tending to show that about the time the deed was made to Mrs. Davis her husband was financially involved and that said deed was executed for the purpose of defrauding his creditors, but there is no evidence of sufficient probative force to have warranted the jury in finding that Mrs. Davis knew at any time that the deed was merely colorable and the intention of her husband was not to pass and vest the title of the land thereby, in her.

Nor did the court err in refusing to give the special charge requested by plaintiffs, to the effect that, if it was not the intention of R. C. Davis, when he signed, acknowledged and placed on record the instrument claimed by defendants to be a deed, to divest himself of the actual ownership of the land described therein, then such instrument did not constitute a conveyance of said land to Mrs. Davis. The vice in this charge is, that it authorized a finding in favor of the plaintiffs, if the intention of R. C. Davis in making the deed was not to pass and vest the title to the land in the grantee, Mrs. Davis, regardless of the consideration recited in said deed and the evidence of its payment, or of the fact that Mrs. Davis knew nothing of such intention. Clearly this is not a correct view of the law. If Mrs. Davis paid a valuable consideration for the land and the deed was made, acknowledged and placed on record as a result of an understanding between herself and her husband, then the conveyance became an executed contract and the individual intention of her husband was immaterial. In such case the secret or undisclosed intention of the grantor, Davis, not to divest himself of the title to the land would not prevent the deed from taking effect according to its terms, and could not thereafter be urged by him, or after his death by his heirs, as a ground for the cancellation of said deed and recovery of the land. Or if Davis made the deed to his wife for the purpose of defrauding his creditors and she knew of and

assented to the transaction, neither he nor his heirs could thereafter reclaim the land so conveyed, by pleading and proving such fraud. The rule is, that when such a deed has been delivered and accepted by the vendee the courts will not grant relief; and the rule extends to the heirs of the fraudulent vendor. But there was ample evidence in the case to justify the conclusion that R. C. Davis owed his wife considerable money and in pursuance of an understanding between them he conveyed the land sued for by the deed under consideration in payment of such indebtedness; or that Mrs. Davis, with knowledge of the said deed and that her husband intended by its execution to convey to her said land for the purpose of avoiding the payment of his mercantile debts acquiesced in such purpose and accepted said deed. In either case the title to said land passed to and became vested in her.

The following paragraph of the court's charge is assigned as error: "The jury are further instructed that if they believe from the preponderance of the evidence that when R. C. Davis executed the deed dated January 27, 1877, that he did not intend to convey the title to the land in controversy to E. D. Davis, and that it was his intent to place said land beyond the reach of his creditors, or the creditors of Forrest & Davis (if he had such creditors) and that he placed said deed on record and that he informed her, the said E. D. Davis, that he had conveyed said land to her for such purpose, and that he retained control of said deed until his death, as the property of his wife, intending that the title should remain in her, then it would be the duty of the jury to find for the defendants." It is insisted that this charge is "contradictory, confusing, incorrect and not supported by the evidence." The charge is perhaps awkwardly drawn, but embraces a correct proposition of law applicable to the facts. The charge admits of the construction, and is in fact, we think, to the effect that although R. C. Davis did not himself intend to convey the title to the land described in the deed to his wife, Mrs. E. D. Davis, and the same was without consideration, yet if he made said deed and placed it upon record for the purpose of defrauding his creditors, and informed Mrs. Davis that he had conveyed to her said land for such purpose, and thereafter retained control of said deed, until his death, as her property, intending that the title should remain in her, then notwithstanding the original undisclosed intent of R. C. Davis not to convey the title to said land, plaintiffs could not recover. It evidently was not so intended, nor was the jury authorized by the charge to find for the defendants, notwithstanding they should believe the deed under which defendants claim was a mere sham and pretense by which neither party thereto intended the title to the land therein described should pass. Such a charge, as has already been said, would not have been warranted by the evidence, and that the learned trial judge so believed, is evidenced by the rejection of the plaintiffs' special charge, tendering the submission of such an issue, mentioned in a former part of this opinion. So far as the transfer of the title to property is concerned, there is quite a difference in a conveyance made with the intent of the grantor to defraud his creditors, and an instrument in the form of a deed by which neither the grantor nor grantee intends the title to be divested. In the one case the title passes to and vests in the grantee and the contract is binding as

between the parties thereto, but void as to creditors. In the other the title does not pass, but remains in the grantor. The object and effect of the charge under consideration was to inform the jury that if the transaction between R. C. Davis and his wife was of the character first mentioned, then the deed to Mrs. Davis could not be impeached by plaintiffs on the ground that her husband did not intend to convey the title to the land to her. Entertaining this view of the charge, we hold the court committed no reversible error in giving it.

By their eleventh assignment plaintiffs in error complain that the court erred in refusing to take as confessed, upon their motions, the ex parte interrogatories propounded by them to defendant E. D. Davis on October 18, 1904, but we are of the opinion no reversible error is shown in this action of the court. The record shows that this suit was filed February 3, 1903. Three days later the plaintiffs propounded twelve ex parte interrogatories to Mrs. Davis, which were answered by her. Again, on March 5, 1903, they propounded nineteen interrogatories to Mrs. Davis, which were also answered by her. On October 1, 1904, the defendants propounded interrogatories to this witness and served notice thereof on plaintiffs, but it seems they failed to file any cross interrogatories. After an application made by plaintiffs for a continuance, on account of the absence of Mrs. Davis, had been overruled, and while the case was on trial and during the second day thereof, plaintiffs again propounded the interrogatories excluded to Mrs. Davis, which she refused to answer. It further appears that Mrs. Davis was an old lady about 70 years of age and when called upon to answer the interrogatories asked to be taken as confessed, was at her home fifteen miles distant from the court house where the case was being tried, and no permission was asked or granted to re-take her depositions. Clearly, under these circumstances, whether the interrogatories should have been taken as confessed and allowed to go to the jury were questions addressed to the sound discretion of the presiding judge, and it not appearing that such discretion was abused to the substantial injury of plaintiffs, his action will not be disturbed.

The assignments of error not discussed have been carefully considered with the conclusion reached that none of them present any error requiring a reversal of the case. The evidence was sufficient to justify the conclusion that Mrs. Davis knew of, assented to and accepted the deed from her husband, conveying to her the land sought to be recovered by plaintiffs, and in other respects sustains the finding of the jury in defendants' favor.

The judgment of the court below is, therefore, affirmed.

*Affirmed.*

Writ of error refused.