Claud Odell HARCROW, Appellant,

v.

Jo Harcrow REED, Appellee.

No. 4685.

Court of Civil Appeals of Texas.

Waco.

Feb. 15, 1968.

Rehearing Denied March 7, 1968.

Bradley & Geren, Groesbeck, for appellant.

W. A. Keils, Jr., Teague, for appellee.

## OPINION

WILSON, Justice.

Judgment for plaintiff-appellee was rendered against appellant Harcrow in this non-jury trespass-to-try-title case. Harcrow pleaded that conveyances relied on by plaintiff were without consideration, and were void as having been executed in fraud of the rights of creditors. He pleaded limitation. No formal finding or conclusions were filed or requested. We affirm.

Of Harcrow's twenty-one points, fifteen assert in substance that conveyances in plaintiff's chain of title were void as having been executed for the purpose of defrauding the grantor's creditors. The grantor in those conveyances was appellant Harcrow's deceased father, through whom he claims as heir. He argues that only the legal title was conveyed by these deeds, and that the equitable title remained in his father.

Arts. 3996 and 3997, Vernon's Ann.Civ.St., in effect during the times material here, makes void as therein provided conveyances given with intent to hinder, delay or defraud creditors, purchasers or others. Such conveyances in fraud of creditors, the Supreme Court has held, pass title to the vendee, "defeasible only at the instance of the creditors named in Articles 3996 and 3997," under the present circumstances. John Hancock Mut. Life Ins. Co. v. Morse, 132 Tex. 534, 124 S.W.2d 330, 332.

The conveyances are valid as against the grantor's heirs, and will not be held void at the suit of the parties to the conveyance or those holding under them. Ransom v. Ransom, Tex.Civ.App., 252 S.W.2d 212, 213, writ refused; Lesikar v. Lesikar, Tex. Civ.App., 251 S.W.2d 555, writ ref. n. r. e.; Hartman v. Hartman, Tex.Civ.App., 217 S. W.2d 872, writ ref. n. r. e.; Harrison v. Davis, Tex.Civ.App., 58 S.W.2d 1025; Davis v. Davis, 44 Tex.Civ.App. 238, 98 S.W. 198; Vratis v. Wilbanks, Tex.Civ. App., 287 S.W. 666.

The equitable title remaining in the grantor, urged by appellant, is for the benefit of creditors for the purpose of satisfying their debts. Texas Sand Company v. Shield, (Tex.Sup.1964) 381 S.W.2d 48, 54.

It does not inure to the benefit of third persons.

 Harcrow presents one point complaining that the trial court erred in holding that a deed from his father, as his minor sister's guardian, was valid; and another antithetical point that the court erred in holding the same deed is invalid. An appellate court will not be put to a choice between directly opposite, inconsistent or contradictory positions of appellant, and we would be justified in refusing to consider either of these points. 5 C.J.S. Appeal & Error § 1253, p. 100.

Appellant's minor sister was grantee in a 1943 conveyance of the property in suit from appellant's brother. In 1955 appellant's father qualified as guardian of his minor daughter's estate. The father, as guardian, then conveyed the land in controversy to a grantee who simultaneously conveyed it back to appellant's father while he was still guardian of his daughter's estate.

Probate Code Sec. 352, V.A.C.S. prohibits the personal representative of an estate from "becoming purchaser, directly or indirectly" of the property of the estate. Where no findings of fact are filed or requested it will be presumed on appeal that the trial court impliedly found facts having support in the evidence necessary to sustain the judgment. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, cert. den.; Bradshaw v. Holmes, Tex.Civ.App., 246 S.W.2d 296, writ ref. n. r. e.; Western Management Corp. v. High Crest Realty Co., Tex.Civ. App., 331 S.W.2d 365, writ ref.

The evidence fully supports the implied findings necessary to authorize the conclusion that the guardian became indirect purchaser of the property under circumstances necessary to sustain the judgment. See Wall v. Wall, 143 Tex. 418, 186 S.W.2d 57, 59. Wadsworth v. Cole, Tex.Civ.App., 265 S.W.2d 628; Kreis v. Kreis, Tex.Civ. App., 75 S.W.2d 938; Dilbeck v. Blackwell, Tex.Civ.App., 126 S.W.2d 760, 764. It likewise supports any implied findings re-

quired as to validity of the conveyance by appellant's father under which appellee deraigns her title.

Appellant's points have each been fully considered, and are overruled. Affirmed.