## No. 2074.

### WILLIAM NEYLAND *v.* H. W. BENDY.

1. TRUSTS.—A trustee will not be heard to assert title in himself adverse to that of the *cestui que trust*, or to deny his title. In a suit by the *cestui que trust* to compel a reconveyance of land in accordance with the terms of the trust, the trustee can not defend by showing a superior outstanding title.

2. SAME—LIMITATION.—A trustee can not prescribe under the five years statute in a suit to compel a reconveyance in accordance with the term of the trust deed under which he entered, except for that period of time which may elapse after he has repudiated the trust and given notice thereof to the *cestui que trust*.

3. PRACTICE—MOTION TO SUPPRESS DEPOSITIONS.—A motion to suppress depositions because the questions to the witness are leading, should be overruled when the motion fails to designate the specific questions deemed objectionable. This held in a case where some of the questions were leading and others were not.

4. TRUSTS—EVIDENCE.—It is error to charge that a parol trust can only be engrafted on a deed absolute by the clearest and most positive proof. Evidence that satisfies a jury of the existence of the parol trust is sufficient.

5. PRACTICE —An error which from its character involves a mixed question of law and fact, requiring an examination both of pleading and evidence, is not that character of error apparent from an inspection of the record, which the court will examine without an assignment of error.

ERROR from Tyler. Tried below before the Hon. W. H. Ford.

*S. P. West* and *Burnett & Hanscom,* for plaintiff in error: The possession of the defendant being under an absolute deed from plaintiff was prima facie adverse to plaintiff, but even if not, under the pleadings and facts it was not essential for defendant to maintain his plea of limitations to have directly made known to plaintiff that he was claiming the lands as his own. (Fry v. Baker, 59 Texas, 404; Tinney v. Mebane, 10 Texas, 246; Wood on Limitations, pp. 433, 444.) The court erred in overruling defendant's written motion to suppress the depositions of plaintiff's witness, Mrs. Emma Newton, and permitting plaintiff to read her answers to the jury. (H. & T. C. R'y Co. v. Shirley, 54 Texas, 142, 143; Lee v. Stowe, 57 Texas, 451, 452; Sturm v. At-

lantic Ins. Co., 63 N. Y., 87; Terry v. McNeill, 58 Barbour, 244; Walton v. Nat. Loan Co., 22 Barbour, 48.) On the charge of court regarding the evidence to establish a parol trust, they cited Moreland v. Barnhart, 44 Texas, 275, and Grooms v. Rust, 27 Texas, 231.

*T. W. Ford,* for defendant in error.

MALTBIE, PRESIDING JUDGE. On the thirtieth day of December, 1875, H. W. Bendy, the defendant in error, who was the plaintiff below, made a deed to William Neyland, plaintiff in error, the father-in-law of Bendy, purporting to convey all the lands inherited by Bendy from his deceased mother, and all other lands owned by him in Texas, upon the recited consideration of eighteen hundred dollars paid. The question presented by the record for determination is, whether it was intended by the parties that the deed should operate as an absolute conveyance of the land, as it purports to do; or whether it was intended that Neyland should hold the land in trust for Bendy. The jury found that it was to be held in trust, and the evidence, though conflicting, supports the verdict. And whether the judgment should be reversed, therefore, depends solely upon the rulings of the court.

The first and second assignments of error assert the proposition that the evidence showed an outstanding superior title to that of the plaintiff, and that the court erred in not giving it in charge to the jury. The defendant entered upon the land by virtue of a deed executed by the plaintiff, upon the express agreement that whenever defendant should sell enough to reimburse himself out of the proceeds for effecting a partition with other parties, and to pay a debt owing him, that he would reconvey the residue to the plaintiff. Defendant had realized sufficient funds for this purpose from the sale of portions of the land prior to the bringing of this suit. It is said that "under no circumstances can a trustee claim or set up a claim to trust property adverse to the *cestui que trust,* nor can he deny his title." (1 Perry on Trusts, pp. 539, 540, sec. 433.)

This doctrine meets our unqualified approval. A contrary rule would render it extremely hazardous to entrust property to another; and would, in many instances, enable an unscrupulous trustee to profit by violating the terms of his agreements. It

follows that, in our opinion, there was no error in the failure of the court to charge in reference to an outstanding title.

It is insisted that there was error in the charge of the court in reference to what was required of defendant under his plea of limitation to bar plaintiff's right of recovery, in that it excluded any state of case, except that of defendant's making known to plaintiff that he had repudiated the trust, thereby excluding all facts and circumstances that were or might have been known to the plaintiff by the exercise of reasonable diligence from which it could have been inferred that defendant had repudiated the trust. The substance of the charge given was, if the deed was executed upon an agreement that defendant would reconvey the land to the plaintiff upon the happening of certain things, then defendant could not prescribe under the five years statute as against the plaintiff, until he had repudiated the trust and made it known to plaintiff. We think there was no error in the charge as given, and it is well settled that if defendant had desired a more specific charge he should have requested it. (Robinson v. Varnell, 16 Texas, 382; 25 Texas, 695; 28 Texas, 52; 48 Texas, 408.)

It is claimed that there was error in refusing to suppress the deposition of Mrs. Emma Newton, who testified at the instance of plaintiff; the ground of the motion is that the interrogatories are leading. A number of questions were propounded to this witness, the most of which were not leading, though some were; the objection was to the interrogatories as a whole. We are of opinion that the motion should have pointed out the particular interrogatories considered leading; this not having been done, it did not become the duty of the court to search through the record to determine which were leading, and there was no error in refusing to suppress. (56 Ala., 561; 44 Iowa, 420; 18 Cal., 334.)

Defendant requested the court to charge the jury that, "In order to make a deed of trust out of a deed absolute on its face, or to engraft a parol trust upon such absolute deed, it requires the clearest and most positive proof of such fact, and unless plaintiff has made such proof you will find for defendant." The refusal to give which is assigned as error. Such a degree of proof has never been required by the courts of this or any other State, so far as we are advised, and it was properly refused.

The court had already charged the jury that the burden was on the plaintiff to establish the alleged parol trust to the satisfaction of the jury. If the jury was satisfied the trust must

necessarily have been fully and clearly proven, and no further charge on the subject was necessary.

Appellant makes the proposition that the pleading and evidence of plaintiff shows that he has no equitable or legal title to the portion of the William Campbell league adjudged to him, and fails to identify, if any, the portion he is entitled to recover, and claims that the error being apparent of record, the judgment should be reversed. This is a mixed question of law and fact, the determination of which requires an examination and comparison of both the pleadings and evidence of the plaintiff, and is not an error of law apparent of record that this court is authorized to consider without being assigned.

We have, however, examined plaintiff's petition and the judgment of the court, and find that the petition concedes title to the persons holding portions of the Campbell league under prior sales, and also to the parties to whom portions were allotted in the partition of plaintiff's mother's estate; that the one hundred and twenty acres allotted to Mrs. Price, and now claimed by defendant is expressly recognized in the petition as belonging to her, and that the judgment follows the petition. We fail to see how defendant is prejudiced by the judgment.

There being no error in the record, we report that the judgment be affirmed.

*Affirmed.*

Opinion adopted February 7, 1888.