## BEARCE *v.* FAHRNOW.

1. DEBTOR AND CREDITOR—NOTICE.

    A creditor who, having notice that money tendered by his debtor is in fact the property of a third party, applies the same upon the indebtedness, is liable to such third party in an action for money had and received.

2. SAME—PRINCIPAL AND AGENT.

    Where a creditor accepts money from his debtor to apply upon the purchase price of cattle, and thereafter refuses to deliver the cattle, and attempts to apply the amount upon the prior indebtedness, a third party, whose agent the debtor was in making the purchase, and who furnished the money therefor, is entitled, upon such refusal, to recover the amount so paid, even though the creditor had no notice that the money belonged to such third party.

Error to Kent; Adsit, J. Submitted April 8, 1896. Decided May 19, 1896.

*Assumpsit* by Edgar C. Bearce against August F. Fahrnow for money had and received. From a judgment for defendant, plaintiff brings error. Reversed.

*Sweet, Perkins & Judkins*, for appellant.

*C. O. Smedley* (*B. M. Corwin*, of counsel), for appellee.

MOORE, J.   Plaintiff claims that in July, 1894, he let
Alvin Cox have $100 to use in purchasing for him lambs,
sheep, and cattle for use in his market; that a little later,
on a Sunday, Cox bought of the defendant, Fahrnow, five
head of cattle for $70, and paid him $48 of plaintiff's
money, and was to pay him the balance,—$22,—in a day
or two; that Cox told defendant that the money was not
his.   Plaintiff claims that, after defendant got the $48, he
refused to give it up; that on the next day he caused
a tender of $22 and a demand for the cattle to be made,
which demand was refused, and also that defendant
refused to return the $48, and this suit was brought.

Defendant's claim is that Cox was owing him an old
debt of $55; that the $48 was paid to apply on the old
debt, and not on the cattle, and that he (defendant) had
no notice that the money belonged to any one but Cox
until on Monday.   He also claimed that the cattle were
sold for $70, to be paid the next day; that, before the cat-
tle were delivered, his son objected to letting them go
until they were paid for, and for that reason they were
not delivered.   The jury returned a verdict for defendant.

The only questions necessary to discuss grow out of
that portion of the charge of the court reading as follows:

"Now you see, first, you must find that that $48 was in
fact the property of Bearce, in order to entitle him to
recover at all.   He is the plaintiff in this case, and, un-
less the property was his, of course he is not entitled to
recover in any event.   Then, if you find that the prop-
erty, under the evidence here,—the $48,—the title was
actually, as between Cox and Bearce, the property
of Bearce, then, in order to entitle him to recover, he
must further satisfy you, by a fair preponderance of
the evidence, that, before that money was paid over to
the defendant, the defendant had notice from Cox, or some
one else, that the money did not belong to Cox, and that
it was paid to him by Cox on that new deal,—that is, for
the cattle that he agreed to purchase that day.   If that is
true, then the passing of the money by Cox over to the
defendant, the defendant knowing that it did not belong
to Cox, and to be applied upon the purchase price of the

cattle to be delivered that day, and not upon the old debt, would not divest the plaintiff, Bearce, if the money was his, of the title to it, and his right to recover in this action."

This is equivalent to saying that, to entitle the plaintiff to recover, he must not only show that the money was his, and that defendant had notice it did not belong to Cox, but must show it was paid to apply on the purchase price of the cattle. We think he was entitled to have the jury instructed that, if defendant had notice that the money did not belong to Cox, and in fact did then belong to the plaintiff, he was entitled to recover. He was also entitled to have the jury instructed that, if the money belonged to the plaintiff, and the money was paid by Cox to the defendant as part of the purchase price for the cattle, and the defendant refused to deliver the cattle, the plaintiff was entitled to recover, whether the defendant had notice that the money belonged to the plaintiff or not. The defendant could not receive the money for a purpose that would inure to the benefit of the plaintiff, and then apply it to a purpose that would be to the disadvantage of the plaintiff, without his consent.

The judgment is reversed, with costs, and a new trial ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.