## JAMES P. DEW et al., Respondents, v. ABRAHAM RUBENSTEIN et al., Appellants.

**Kansas City Court of Appeals, December 4, 1911.**

**EQUITY: Trustee: Mortgage Securing Several Claims.** Where a person took a note and chattel mortgage in his own name to secure three separate claims, in two of which he had an interest, the other belonging to a third party, and afterwards secured possession of the property from the mortgagor and appropriated it exclusively to the claims in which he had an interest, it was *held* that he was a trustee and became liable to the third party, and that an action in equity was properly brought.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Leon E. Bloch* and *H. H. McClure* for appellants.

*Jere T. Dew* and *S. A. Dew* for respondents.

ELLISON, J.—This is a bill in equity seeking to charge defendant Rubenstein as a trustee and to compel him to pay a certain sum of money due plaintiffs. The judgment in the trial court was for the plaintiffs.

The case stated is that defendant Wright, who is insolvent, was indebted to plaintiffs in the sum of $288 on account of money advanced and paid for him as premium on policies of insurance on buildings owned by him. That Wright also owed $282 in taxbills against the land on which the houses were situated, and also $51.55 owed as interest on a mortgage on said land. That Wright sold the real estate to Rubenstein, and to secure the payment of the insurance, taxbill and interest, claims existing on account of the real estate and aggregating $622.38. Wright executed to Rubenstein a note for that amount, secured by a chattel mortgage, both of which recited these three claims. That afterwards, when default was made in the pay-

ment of the note, Wright turned over to Rubenstein the possession of the property described in the chattel mortgage, for the purpose and with the understanding that it should be applied, or so much as might be necessary, to the payment of the note in which plaintiffs' claim was so embraced. It was received by Rubenstein and appropriated by him with the understanding that it was a satisfaction of the note and mortgage.

Rubenstein by his answer admits getting the property, but contends that he has accounted for it and that he never realized sufficient out of it to pay plaintiffs' claim.

In view of the pleadings and evidence, it is clear that Rubenstein accepted the position as trustee for the amount of plaintiffs' lien on the property. His only defense is that he has accounted for all the property and that it failed to realize sufficient to meet the indebtedness. On the evidence at the trial we consider the trial court justified in the conclusion that Rubenstein took the property in satisfaction of the mortgage.

But, from another standpoint, no other judgment could have been rendered than that entered by the trial court. Defendant Rubenstein, while admitting that the note and mortgage in his name specifically secured plaintiffs' claim, and likewise admitting that he paid Wright twenty dollars to surrender the property and avoid foreclosure, yet stated in his testimony that he only took the property in settlement of the two claims due to him. Manifestly he could not do that. Plaintiffs' interest in the property could not be destroyed in that way. In taking the property and appropriating it to himself and ignoring plaintiffs, he made himself liable to them.

The judgment was for the right party, and is affirmed. All concur.