**BROWN v. CORDWENT et al.  (No. 1706.)**

(Court of Civil Appeals of Texas. El Paso.
March 5, 1925.)

**1. Husband and wife ⬤═➤267(1) — Husband's part of community estate could be disposed of as he desired, without wife joining in conveyance thereof.**

Husband's part of community estate could be disposed of as he desired, without the wife joining in a conveyance thereof.

**2. Trusts ⬤═➤41—Party seeking to ingraft parol trust on deed, absolute on its face, has burden of establishing it.**

Party seeking to ingraft parol trust on deed, absolute on its face, has burden of establishing it.

**3. Trusts ⬤═➤44(2) — Evidence held to show that deed conveyed fee-simple title to grantee freed from parol trust.**

Evidence *held* to show that deed from one to whom land was originally granted, in making partition of community estate between husband and wife, conveyed fee-simple title to grantee freed from parol trust.

**4. Husband and wife ⬤═➤270(8)—Evidence held to support finding defendant and his wife were not living together as man and wife.**

Evidence *held* to support finding defendant and his wife were not living together as man and wife at time of husband's deed of his share of community estate.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Trespass to try title by Richard Cordwent against J. H. Brown, who filed a cross-bill making H. W. Ross a party. From an adverse judgment, defendant, Brown, appeals. Affirmed.

Otis Bowyer, of Baird, for appellant.

J. Rupert Jackson and Ben L. Russell, both of Baird, and Wagstaff, Harwell & Wagstaff, of Abilene, for appellees.

PELPHREY, C. J. This is a suit in trespass to try title to 272 acres of land in Callahan county, Tex., instituted by appellee Richard Cordwent against appellant, J. H. Brown, to which action appellant answered by a plea of not guilty, and also filed a cross-bill making appellee H. W. Ross a party defendant, in which he alleged that, at the time Mrs. Cora L. Finch conveyed the land in controversy to said Cordwent, she held the legal title to said land in trust for appellant; that appellee Ross purchased the vendor's lien notes given by said Cordwent to Cora L. Finch in part payment for said land; that both Cordwent and Ross had both actual and constructive notice at the time of the purchase of the land and at the time of the purchase of the notes of the existence of said trust, and, in a separate count, sued appellees in trespass to try title.

Appellant prayed for cancellation of the deed from Cora L. Finch to Richard Cordwent; also the notes held by Ross. Appellees answered by pleas of general denial, not guilty, and innocent purchasers in good faith. The cause was tried before the court without a jury, and judgment was rendered for appellee Cordwent for the title and for the title and possession of the land, and for the sum of $100 rent, and that appellant take nothing as against appellee Ross, and in favor of appellees for costs of suit. The court filed findings of fact and conclusions of law as follows:

"(1) That J. H. Brown, the defendant, purchased the land in controversy, to wit, the north one-half of survey No. 10, block 5, S. P. Railway Company land, in Callahan county, Tex., on September 15, 1897, from the state of Texas, and that on the 30th day of July, 1920, he and his wife executed a deed to Ben L. Cox to the land in controversy, as well as other lands; that the purpose of the deed was to effect a partition between J. H. Brown and his wife, of common property owned by them, they having at that time ceased to live together as husband and wife, and had not been living together as husband and wife for a number of years prior thereto, although they were living in the same house; that the deed was made to Ben L. Cox so that Ben L. Cox might convey certain lands described in said deed to the wife of J. H. Brown and certain lands to J. H. Brown, and the land in controversy to Cora L. Finch. At the time that this deed was made to Ben L. Cox, the defendant, Brown, requested the said B. L. Cox to convey same to Cora L. Finch, the defendant, Brown, and the said Cora L. Finch stating to the said Cox that the property was to vest in the said Cora L. Finch by deed rather than a will from J. H. Brown. I find that Cora L. Finch took title to the property in fee simple by reason of the deed from Ben L. Cox.

"(2) That on the same date, to wit, the 30th day of July, 1920, Ben L. Cox conveyed the property in controversy to Cora L. Finch.

"(3) I find that on the 22d day of August, 1920, J. H. Brown brought suit against Cora L. Finch for the property in controversy, including other property, alleging that Cora L. Finch held the same in trust for him, the said Brown, and that the said Cora L. Finch had repudiated her trust and refused to convey the property back to the said Brown.

"(4) I further find that on the 30th day of September, 1920, the defendant, Brown, dismissed his suit against the said Cora L. Finch, and by deed, duly executed and recorded in the deed records of Callahan county, Tex., fully and in all respects confirmed said deed in the said Cora L. Finch as her separate property and as a gift, which was free and voluntarily made for good and sufficient reasons, and that by reason thereof the title fully vested in Cora L. Finch as her separate property.

"(5) I further find that on October 2, 1920, Cora L. Finch conveyed the property in controversy to H. M. Benskin of Taylor county,

⬤═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tex., and at the same time H. M. Benskin, in order to be fully satisfied with the title, procured *another deed from J. H. Brown to the* property in controversy, and that the title to the property became fully vested in H. M. Benskin.

"(6) I further find that thereafter H. M. Benskin reconveyed the property to Cora L. Finch in consideration of $100 and the payment by the said Cora L. Finch of the indebtedness on said property placed thereon by H. M. Benskin amounting to approximately $5,000, and that Cora L. Finch became vested with the title to said property.

"(7) I further find that thereafter Cora L. Finch conveyed the property to plaintiff for a valuable consideration, and that the plaintiff had no actual notice of any claim whatever of *the said Brown in and to the title to said land,* if the said Brown had any claim.

"(8) I further find that the said Brown is due the plaintiff $100 for the rental value of said place while he was in possession thereof.

"(9) I further find, as a matter of fact, that H. M. Benskin became vested with the full title to said property, and that there was no trust in said property in favor of said Brown, or any other person, and that there was no trust in favor of the said Brown at the time the said Cora L. Finch conveyed the property to the said plaintiff, and that she was vested with full and fee-simple title to the property at said time.

"Conclusions of Law.

"Upon the foregoing conclusions of fact, I find the law is with the plaintiff, Richard Cordwent, and the defendant, H. W. Ross, and judgment will be entered accordingly."

Appellant, in five assignments of error, contends that certain findings of the court were not supported by the evidence. After a careful study of the record we feel that the most important question in this case is whether or not the finding of the court that the deed from Ben L. Cox to Cora L. Finch conveyed to her the title in fee simple was supported by the evidence.

[1] The evidence shows that Brown and his wife had been separated for several years; that is, that they were not living together as man and wife; that the deed from Brown and wife to Ben L. Cox was made for the purpose of carrying out a partition agreement between them. This land, being Brown's part of the community estate, and there being no duress, coercion, or undue influence shown, and no claim that the division was either unjust or inequitable, therefore became his separate estate to dispose of as he might desire. That being true, Brown could have conveyed the land in question, without the wife joining him in the conveyance, direct to Mrs. Finch, but it seems that he preferred to have the deed made to her by Cox.

We find that Ben L. Cox, the attorney who prepared the deed from Brown and wife and afterwards deeded the land in controversy to Cora L. Finch, testified that Brown first talked to him about having a will made of

the property in favor of Mrs. Finch; that afterwards he directed that a deed to the property be made direct to Mrs. Finch; and that there was no suggestion made either by Brown or Mrs. Finch that the fee-simple title was not to be conveyed. The record further shows that on the 10th day of September, 1920, more than a month after the execution of the deed from Cox to Mrs. Finch, appellant himself executed a special warranty deed to Mrs. Finch for this and other property, reciting that he had decided to cancel a suit he had theretofore filed against Mrs. Finch for the title and possession of several tracts of land, one of which is the subject-matter of this suit, and had decided to confirm the title to said lands to the said Cora L. Finch; that on the 2d day of October, 1920, Cora L. Finch deeded the land in controversy to ·H. M. Benskin by general warranty deed, and that on the same date appellant executed a quitclaim deed to said property to the said H. M. Benskin. Appellant himself testified that he recognized that Benskin had a good title to the land with the deeds from both Mrs. Finch and himself; also that he knew before he executed the quitclaim deed that Mrs. Finch had deeded the land to Benskin.

The only intimation that the deed from Cox to Mrs. Finch was a trust deed, other than the testimony of the appellant, is a suit that was filed by him in August, 1920, in which the claim was made by him that she held the property in trust, but we find that in a few days thereafter the suit is dismissed by appellant without the intervention of his attorney, and a deed executed by him confirming her title to the property, and again on October 2d, we find him executing a quitclaim deed to Benskin, at the time knowing that Mrs. Finch had also deeded the same property to him and was claiming and asserting ownership thereto.

[2, 3] It is a well-established principle that where it is sought to ingraft a parol trust on a deed, absolute on its face the burden is on the party seeking to enforce the trust (Neyland v. Bendy, ·69 Tex. 711, 7 S. W. 497; Hengy v. Hengy [Tex. Civ. App.] 151 S. W. 1128), and it is our opinion that appellant in this case has failed to produce sufficient proof to entitle him to the relief sought, and we find no error in the finding of the court that the deed from Cox conveyed the title to Mrs. Finch in fee simple.

[4] We cannot agree with appellee in his contention that the appellant and his wife were living together as man and wife at the time of the execution of the deed to Cox. While we feel that it is immaterial in this case whether they were or not, yet we believe the court was correct in his finding that they were not. Levy v. Goldsoll, 62 Tex. Civ. App. 257, 131 S. W. 420.

Having found that Cox conveyed the title to the property to Mrs. Finch in fee simple

in his deed to her, we are of the opinion that none of the other assignments present sufficient grounds for reversing the judgment, and it is therefore affirmed.