## HALEY v. ENNIS et al. (No. 7377.)

(Court of Civil Appeals of Texas. San Antonio. June 10, 1925. Rehearing Denied June 20, 1925.)

1. **Appeal and error ⬉742(2)—Proposition based on matters complained of in all assignments of error not entitled to consideration because multifarious.**

Proposition based on matters complained of in all assignments of error is not entitled to consideration because multifarious.

2. **Appeal and error ⬉1050(1)—Admission of parol evidence held harmless, in view of introduction of similar testimony without objection.**

Admission of parol evidence, tending to vary written instrument, *held* harmless, in view of introduction of similar testimony without objection.

3. **Evidence ⬉434(5) — Parol evidence held admissible under charge of fraud in procuring execution and delivery of instruments assigning interest in estate as heir.**

Parol evidence *held* admissible under charge of fraud to show that defendant procured the execution and delivery of instruments to him, assigning deceased's interest in an estate as heir, upon misrepresentations of facts and false promises.

4. **Trusts ⬉43(3)—Parol evidence held admissible to establish and enforce parol trust impressed on instruments assigning interest in estate as heir.**

Parol evidence *held* admissible to establish and enforce a parol trust, impressed on instruments executed by deceased, and in which she assigned to defendant her interest as heir in her uncle's estate for a consideration.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Suit by John W. Ennis, as administrator of the estate of Agnes Cahalan, deceased, and another, for himself and as next friend of his minor children, against John Haley. Judgment for plaintiffs, and defendant appeals. Affirmed.

John Sehorn, Edwin Sehorn, T. M. West, and Robt. G. Harris, all of San Antonio, for appellant.

---

H. C. Carter, Champe G. Carter, Randolph L. Carter, and Perry J. Lewis, all of San Antonio, for appellees.

SMITH, J. This controversy arose out of the settlement of a portion of the estate of Lawrence Haley, deceased, who died, apparently, in Brewster county, Tex., in December, 1917, leaving a will by which he bequeathed most of his large estate to an institution of charity. Haley was survived by six nieces and nephews, who undertook to contest the probate of the will. A niece, Agnes, who was married to William Cahalan, resided in the state of Missouri, and a nephew, John S. Haley, resided in the state of Montana. In response to certain representations and promises made to her by her brother John, Agnes executed certain instruments appointing her brother as her attorney in fact, and assigning to him her interest in their uncle's estate. The power of attorney, a separate instrument, was delivered to her brother, and the assignments of interest were placed in escrow in a named Missouri bank, with the agreement expressed in the instruments that said assignments were to be delivered to Haley upon his payment into the bank for her of the sum of $1,500 at any time within two years. Thereafter Haley, in concert with other members of the family, proceeded with the plan to contest their uncle's will, for which purpose appropriate proceedings were instituted and prosecuted.

Subsequently, those of the heirs pressing the contest obtained a settlement with the principal beneficiary under the will, securing, it seems, certain stocks of bonds aggregating in value an amount sufficient to net each of the heirs something over $19,000. Whereupon, but perhaps before the exact value of the securities had been ascertained, Haley proceeded to Missouri for the purpose of paying over to the bank the stipulated sum of $1,500, and of taking delivery of the assignments according to the terms recited in the escrow agreement. Before accomplishing this purpose, however, he was enjoined therefrom by a Missouri court, at the instance of William Cahalan, the surviving husband, and J. W. Ennis, administrator of the estate of Agnes Cahalan, whose death had occurred in the meantime. This controversy was settled, however, by the parties entering into a written agreement, in which it was provided that Haley should at that time pay over the sum of $1,500 in cash as provided in the escrow agreement, which was done, and would make a "present" of $4,000 to the four children of Agnes Cahalan, deceased, as soon as that amount was realized by Haley from the estate of Lawrence Haley, deceased. The injunction suit was thereupon dismissed, Haley procured from the bank the instruments theretofore resting in escrow, and subsequently liquidated the securities obtained in settlement

of the original estate, of which the share of Agnes Cahalan, deceased, amounted to $19,764.91. Out of this amount Haley paid the additional sum of $4,000 to the Agnes Cahalan estate, leaving a balance of $14,214.91 to be accounted for in event an accounting could properly be exacted of him.

This suit was brought against Haley by Ennis as administrator of the estate of Agnes Cahalan, deceased, joined by William Cahalan, her surviving husband, for himself and as next friend of their minor children, to require an accounting from Haley and to recover of him the sum of $14,214.91, the balance conceded to be due them if their contentions were legally established. This suit was grounded upon allegations that the assignment of her interest in the principal estate was obtained from Agnes Cahalan through misrepresentations of fact made by Haley, and with the agreement and understanding that such assignment was given to and was to be used by Haley in order to facilitate the contest of Lawrence Haley's will, and not as an absolute conveyance of Agnes Cahalan's interest therein; that the subsequent written agreement of settlement of the controversy between Haley and the adverse parties, whereby dismissal of the injunction suit in Missouri was obtained by Haley, was procured through further false statements and the concealment by Haley of the true value of the disputed interest in the original estate. The cause was submitted to a jury, who found in substantial compliance with the foregoing contentions of Agnes Cahalan and her successors, and an appropriate judgment was rendered thereon. Haley has appealed.

[1] In his first six assignments of error appellant complains of the admission of certain testimony of six different witnesses, in the seventh assignment he complains in general terms of the admission of all the evidence complained of in the first six, and in his eighth and ninth assignments he complains of the submission of the first and second special issues, covering two different questions. The cause is briefed by appellant upon only one proposition, which is predicated upon and specifies the matters complained of in all nine of said assignments of error. Thus the whole case, involving the action of the court in nine separate and distinct transactions, seven of which are shown by separate bills of exception, are presented under one single proposition of law. Appellees justly object to any consideration of this proposition because it is so obviously multifarious. The objection must be sustained, but the assignments of error upon which the omnibus proposition is predicated are propositions within themselves, and we have therefore considered the assignments upon their separate merits.

[2-4] In his first, second, third, fourth, fifth, sixth, and seventh assignments of er-

ror, appellant complains of the admission of certain testimony of named witnesses, in which said witnesses delineated the alleged false representations of appellant and the parol agreements of the parties, under which Agnes Cahalan executed the various written instruments in question. The objection urged against this testimony is that it tended to vary and contradict, the terms of said written instruments. We overrule those assignments, first, because the offending witnesses, as well as appellant himself, testified to the same or similar facts at other times without objection from appellant, thus rendering harmless the error complained of; second, the evidence was admissible under the charge of the fraud of appellant in procuring the execution and ultimate delivery of said instruments upon misrepresentation of facts and false promises; and, third, it was admissible for the purpose of proving and enforcing the parol trust impressed upon said instruments, and to prevent the fraudulent conversion of said instruments to purposes other than those for which they were intended by the parties when executed.

Appellant complains, in his eighth, ninth, and tenth assignments of error, of the sufficiency of the evidence to warrant the submission to the jury of the issues involved. We overrule those assignments. The evidence overwhelmingly supported those issues.

The judgment is affirmed.