## SHARON GRAIN CO. v. FARMERS' NAT. BANK OF FOLLETT. (No. 2543.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925. Rehearing Denied Dec. 2, 1925.)

**1. Appeal and error ⬤↝931(3)—In absence of findings of fact, presumed that trial court found all facts necessary to support judgment.**

When no findings of fact are filed by trial judge and none requested, appellate court will presume that trial court found all facts necessary to support judgment, if there is any evidence on which such facts could be found.

**2. Trusts ⬤↝33—Delivery of money or property by one to another for specific purpose creates trust.**

Where money or property is delivered by one person to another for a specific purpose, such as to be deposited in a bank, or to pay indebtedness of former to a third party, person accepting money becomes a trustee, and such transaction creates a trust.

**3. Trusts ⬤↝33—Defendants held trustees as to proceeds of sale of wheat, and could not apply it as offset against debt owed them by another.**

Where defendants, on purchasing wheat, were informed that a bank had mortgage thereon, and agreed to use proceeds from sale of wheat to satisfy such mortgage, and issued check in payment thereof, *held*, that such check was a trust fund, of which defendants were trustees, and they could not offset amount alleged to be due them by such bank against such check.

**4. Appeal and error ⬤↝931(6)—Presumed that trial judge discards improper evidence in reaching conclusion.**

It must be assumed that a trial judge, who heard improper evidence, is able to and does discard it from his consideration in reaching his conclusion.

**5. Appeal and error ⬤↝931(6)—Admission of irrelevant testimony in case tried before court not ground for reversal.**

When jury is waived, and case is tried before court, and no conclusions of fact requested or filed, appellate court must presume that trial court was not influenced by irrelevant testimony, and its admission is not ground for reversal.

───────────────

⬤↝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Lipscomb County; W. R. Ewing, Judge.

Action by the Farmers' National Bank of Follett against A. C. and William A. Teter, constituting the firm of the Sharon Grain Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Hoover, Hoover & Willis, of Canadian, for appellants.

W. H. Sewell, of Follett, and Madden, Adkins & Pipkin, of Amarillo, for appellee.

JACKSON, J. This suit was instituted in the district court of Lipscomb county, Tex., by the Farmers' National Bank of Follett, hereinafter called appellee, complaining of A. C. and William A. Teter, hereinafter called appellants, and who constituted the firm of the Sharon Grain Company. Appellee alleged that on or about the 28th of July, 1924, the appellants, under their trade-name of "Sharon Grain Company, by A. C. Teter, Agent," drew their check on the Bank of Woodward, Woodward, Okl., payable to the order of the Bank of Shattuck, and delivered said check to J. A. Patton, who received said check as the agent of appellants, or the agent of the Bank of Shattuck; that said J. A. Patton was appellee's cashier, but that it was in no manner interested in, or connected with, the transaction out of which the check was issued; that the check was delivered and negotiated to appellee by Patton, who, as its cashier, issued to A. L. Schwendener, the liquidating agent of the Bank of Shattuck, a draft in the sum of $879.12, dated July 28, 1921, payable to the order of the liquidating agent, against the First National Bank of Oklahoma City, Okl.; that the draft was presented to the payor on July 30th, paid and charged to appellee's account; that appellee was the purchaser and holder of the check in good faith, for a valuable consideration, without notice of appellants' purpose to cause the check to be dishonored upon presentment for payment; that J. A. Patton, on July 29, 1924, had the check indorsed "Bank of Shattuck, by A. L. Schwendener, Liq. Agent," and appellee promptly forwarded it for payment to the Bank of Woodward, the drawee, but said bank declined to pay it, because so instructed by appellants. The check was protested and dishonored on August 1, 1924. Appellee sought judgment against appellants jointly and severally, and against the partnership, for the sum of $881, with interest, etc.

The appellants answered by general demurrer, special exceptions, and general denial, and pleaded that they issued and delivered the check to J. A. Patton in Follett, Tex., about 26 miles from Shattuck, Okl., where the Bank of Shattuck and its liquidating agent were; that there was only one daily train that carried mail from Follett to Shattuck in the regular course of business, which train had already departed; that the Bank of Shattuck was indebted to appellants in the sum of $758.91, and shortly after the issuance of the check appellants decided that, by stopping payment on the check, it could offset against it the $758.91 which the Bank of Shattuck owed them, and for such purpose they did on that day stop payment on the check, and in so doing acted with no knowledge that Patton would negotiate the check to appellee, but believed it would be handled in the regular course of business, and sent by mail to the Bank of Shattuck instead, and not negotiated to appellee; that appellee is not an innocent holder in due course of trade, because the check, was not negotiated by indorsement at the time it was delivered, nor at the time appellee acquired it, nor at the time it issued its draft for the check, but long thereafter, and therefore the check was negotiated by delivery without indorsement and by verbal assignment; that appellee did not acquire the check in the usual and ordinary course of business; that the acquisition and negotiation thereof and the issuance of the draft therefor were irregular, as it was the custom of appellee to take checks for collection only, and not purchase them and issue value therefor, and Patton was without authority, as agent, to negotiate the check in exchange for the draft; that the bank was charged with notice of such fact as should have put it on inquiry as to the defense of appellants against the check, for the reason that J. A. Patton, as appellee's cashier, returned to A. C. Teter, exhibited to him the check, and told him that appellee had issued its draft therefor, and requested said Teter to issue another check and make it payable to appellee, which Teter refused to do, and insisted that the check be sent in the regular course of business to the Bank of Shattuck; and that, if such had been done, appellee could have stopped payment on its draft, which appellant advised be done, and appellants could have availed themselves of the privilege of offsetting their debt against the Bank of Shattuck.

Appellee, by supplemental petition, replied to such answer by general denial, and pleaded that at the time the check was given appellants knew the Bank of Shattuck was insolvent, and when J. A. Patton returned with the check to A. C. Teter, to have the name of appellee written therein, that he in no way or manner intimated the purpose of appellants to stop payment on the check, for which reason appellants are estopped to rely on the alleged set-off as a defense against it. A jury was waived, the case tried before the court, and, after hearing the testimony, he rendered judgment for appellee for the sum of $889, for interest, costs, etc., and the case is properly before us for review.

Appellants, by their first three assignments, which are so closely related they may be

combined and considered together, assail as error the action of the trial court in rendering judgment against them, because the check, though regular in form, was negotiated out of the usual and ordinary course of business, by delivery without indorsement, for which reason appellee was not an innocent holder, but took subject to all the defences which existed at the time of the delivery, and the subsequent indorsement could not relate back to the time of the acquisition of the check. Appellee answered this contention by the counterproposition that money or property delivered to a person, to be by him paid or delivered over for the benefit of a third person, becomes in law a trustee of such money or property, and cannot profit by such fund, apply the same to his own use, nor contest the title thereto.

The court filed no findings of fact or conclusions of law. Some of the issues were sharply controverted, but the record is sufficient to sustain the following findings:

That Jacob Barth, a farmer of Lipscomb county, owed the Bank of Shattuck, Okl., which was insolvent and in the hands of a liquidating agent, a note secured by a mortgage against his wheat; that he was also indebted to other creditors holding liens on the wheat; that the wheat was sold to appellants, who had been notified by the mortgagees of their respective liens; that, with the consent of Mr. Barth, some of the other mortgagees had been satisfied by appellants out of the proceeds of the wheat, and the note due the Bank of Shattuck was to be discharged by appellants out of money they owed Mr. Barth on his wheat.

Mr. A. C. Teter, acting for appellants, advised J. A. Patton, who was at the time cashier of the Farmers' National Bank, appellee herein, that if he would get the note due the Bank of Shattuck appellants would issue their check in payment thereof. Mr. Patton secured said note, and on July 28, 1924, delivered it to appellants at their place of business in Follett, Tex., and received therefor appellants' check of the same date, drawn on the Bank of Woodward, Woodward, Okl., and payable to the Bank of Shattuck in the sum of $879, the amount of the note. J. A. Patton returned to appellee's place of business in Follett and issued its draft to the Bank of Shattuck for the amount of said check, drawn on its correspondent, the First National Bank of Oklahoma City, Okl., which draft was paid on July 30, 1924, and charged to its account. That the draft of appellee was on July 28th delivered by one of its directors to the liquidating agent in Shattuck.

That J. A. Patton did not, at the time of accepting appellants' check, discover that it was made payable to the Bank of Shattuck, and had not made such discovery at the time of issuing and transmitting appellee's draft to the liquidating agent of the Bank of Shattuck. That in the afternoon, about 4 o'clock, after appellee's draft had been sent to the Shattuck bank, he learned that appellants' check was not payable to appellee bank, but was payable to the Shattuck bank. The check was taken to Mr. Teter, with the request that he make it payable to appellee, but he said he had made out his report, and it would involve additional work for him to make the change, and asked why the check was not sent to the Bank of Shattuck, and was advised that the liquidating agent had told Mr. Patton that he did not accept checks on banks out of town, for which reason he had issued the draft of appellee in place of the check. On the next day the indorsement of the Shattuck bank was secured, and in the regular course of business the check was transmitted to the bank at Woodward on which it was given, and presented for payment, but on the advice of appellant, received before the check was presented, payment was refused. The Bank of Shattuck owed appellants $758.91, and after the issuance of their check in payment of Jacob Barth's note they decided that by stopping payment on the check they could offset against it the indebtedness to them of the Bank of Shattuck. But no notice of this intention was communicated to J. A. Patton nor to appellee.

[1] It is well settled that, if no findings of fact are filed by the trial judge and none requested, the appellate court will presume that the trial court found all facts necessary to support the judgment if there was evidence upon which such facts could be found. Fitzhugh v. Franco-Texas Land Co., 81 Tex. 314, 16 S. W. 1078; Campbell et al. v. Turley et al. (Tex. Civ. App.) 224 S. W. 528.

[2] It is generally held that, money or property being delivered by one person to another for a specific purpose, such as leaving money by one with another to be deposited in a bank or placed at interest (Allen v. Pollard, 109 Tex. 536, 212 S. W. 468), or to pay the indebtedness of the former to a third party, the person accepting the money becomes a trustee, and such a transaction created a trust (McKee v. Lamon, 159 U. S. 317, 16 S. Ct. 11, 40 L. Ed. 165; People v. City Bank of Rochester, 96 N. Y. 32; Hall v. Marston, 17 Mass. 574; Bearce v. Fahrnow, 109 Mich. 315, 67 N. W. 318).

[3] Appellants knew at the time of the purchase of the wheat and before they made a disposition of the proceeds thereof that Mr. Barth had given the Bank of Shattuck a mortgage on the wheat. By an understanding apparently with all interested parties it was agreed that Mr. Barth's note to the Shattuck Bank would be paid by appellants out of the proceeds of the wheat. Appellants, acting through Mr. A. C. Teter, advised J. A. Patton that, if he would get the note, they would issue their check therefor. The note was obtained, the check of appellants was issued in payment thereof, after

which, according to the record, appellants conceived the idea of offsetting the amount they claimed was due them by the Bank of Shattuck against the check they had issued in payment of the note.

Under the facts and circumstances revealed by this record, the proceeds of the wheat, evidenced by the check issued by appellants in payment of the note, was a trust fund of which they were trustees, and could not be applied by them as an offset to their claim against the Bank of Shattuck.

Perry on Trusts (6th Ed.) vol. 1, par. 433:

"Under no circumstances can a trustee claim or set up a claim to the trust property adverse to the cestui que trust. Nor can he deny his title. If a trustee desires to set up title to the trust property in himself, he should refuse to accept the trust."

In Neyland v. Bendy, 69 Tex. 712, 7 S. W. 497, the court, after quoting the above authority, says:

"This doctrine meets our unqualified approval. A contrary rule would render it extremely hazardous to entrust property to another, and would, in many instances, enable an unscrupulous trustee to profit by violating the terms of his agreements."

See, also, St. Louis Union Trust Co. et al. v. Harbaugh et al. (Tex. Civ. App.) 205 S. W. 496; Ash v. A. B. Frank Co. (Tex. Civ. App.) 142 S. W. 42.

In the case of Dew et al. v. Rubenstein et al., 160 Mo. App. 234, 142 S. W. 450, the Court of Appeals of Missouri holds that a party who was trustee of funds resulting from the sale of mortgaged property could not apply such proceeds to the payment of his own debt, and thus defeat the claim of the beneficiary for whom the debtor intended the proceeds. If we are correct in the foregoing conclusion, appellants' fourth assignment of error becomes immaterial.

Appellants' assignments of error, based on the action of the court in overruling their special exceptions to the sufficiency of plaintiff's petition, do not present reversible error.

[4] Appellants also assign as error the action of the trial court in admitting, over their objection, certain testimony embodied in a proper bill of exception. It must be assumed that a trial judge, who heard improper evidence, is able to, and does in fact, discard it from his consideration in reaching his conclusion. Creager v. Douglas, 77 Tex. 484, 14 S. W. 150.

[5] If a jury is waived, and a case tried before the court, and no conclusions of fact were requested or filed, the appellate court must presume that the trial court was not influenced by irrelevant testimony, and its admission is not ground for reversal. Edwards v. White et al. (Tex. Civ. App.) 120 S. W. 914; Morrison v. Bennette (Tex. Civ. App.) 228 S. W. 307; Gulf, C. & S. F. R. Co. v. Price (Tex. Civ. App.) 236 S. W. 776; North River Ins. Co. v. Kelly (Tex. Civ. App.) 237 S. W. 577.

Finding no reversible error, the judgment is affirmed.