## HOPPER v. HOPPER.
### No. 14803.

Court of Civil Appeals of Texas.
Dallas.
June 11, 1954.

Rehearing Denied July 2, 1954.

See also Tex.Civ.App., 264 S.W.2d 444.

Louis Wilson, Dallas, for appellant.

Bane & Bane, Dallas, for appellee.

DIXON, Chief Justice.

This is a divorce case, but the appeal is concerned only with that part of the trial court's judgment having to do with a division of property between the parties.

Appellee as plaintiff brought the suit. Appellant answered and filed a cross-action. After return of a jury verdict the court granted appellant a divorce on her cross-action, set aside certain property to appellee as his separate property, and divided a small amount of community property between the parties. No issues were submitted to the jury and none were requested by either party pertaining to the question of whether the particular property in dispute was separate or communtiy property.

The facts for the most part are undisputed. Appellant and appellee were married November 13, 1948. Appellee was then sixty-five years old. Appellant's age is not given. It was appellee's fourth marriage. He had three grown daughters by a previous marriage, one of them a single woman, the other two married. At the time of his marriage to appellant appellee owned as his separate property free of debt all of the property which is in controversy in this suit.

After the first month the marriage was attended by discord. There were frequent disagreements and quarrels. On July 18, 1950 appellant had appellee put under a peace bond. On July 28, 1950 appellee filed suit for divorce (not this suit).

Meantime in June 1950, a short time before filing his divorce suit, appellee had executed two conveyances transferring practically all of his property to his unmarried daughter, Miss Eva Ruth Hopper, who, appellee testified, was to hold the property in trust for him, to be reconveyed to him when he wanted it. The conveyances do not make any mention of a trust arrangement. In one of them the recited consideration is $10 and "other good and valuable consideration, including love and affection"; in the other, $10 and "other good and valuable considerations."

Not long after the two conveyances were executed and while the divorce suit was pending, appellee ran into difficulties in another quarter. Miss Eva Ruth Hopper refused when requested to reconvey the alleged trust property to appellee, her father.

On September 6, 1950 the pending divorce case was dismissed following a reconciliation between appellant and appellee. The parties differ as to what led up to the reconciliation. Appellee says appellant promised to amend her ways. Appellant says that appellee not only promised to change his ways, but begged for her help in getting his property back from his daughter.

Appellee filed suit against his daughter to require her to reconvey to him the property in question. This litigation was settled. Neither appellee's petition nor the full terms of the settlement agreement are shown in the record. It is disclosed however that Miss Eva Ruth Hopper on May 15, 1951 reconveyed to appellee two pieces of real estate. Appellee says that she did not return to him the cash, also separate property, which he turned over to her, as it was already spent. The deed from Miss Eva Ruth Hopper to her father says nothing of a trust agreement. The recited consideration is $10 and "other good and valuable considerations." The deed also recites that the property is conveyed to appellee "as his separate property and estate."

Appellant asserts that (1) the evidence was conclusive that the property involved in the suit was community property; (2) the trial court should have set aside the homestead for the use of appellant, or made some other allowance for her, because she is old, in bad health, and has no separate property; and (3) the court erred in permitting appellee to testify that he conveyed all his property to his daughter in trust since there was no such recitation in the deed, nor was there any pleading of fraud, accident, or mistake.

We shall first consider appellant's third point on appeal. It has long been the rule in this state that parol evidence is admissible to show that a deed absolute on its face conveys only a title to be held in trust for the grantor. Neyland v. Bendy, 69 Tex. 711, 7 S.W. 497; Henderson v. Jimmerson, TexCiv.App., 234 S.W.2d 710. And the parol testimony of one witness is sufficient to support a judgment that a

title is held in trust. Allen v. Williams, Tex.Civ.App., 218 S.W.135 (writ dism.); Hall v. Hall, Tex.Civ.App., 198 S.W. 636 (writ ref.). It is not necessary that fraud be alleged. Robinson v. Faville, Tex.Civ. App., 213 S.W. 316 (writ ref. 111 Tex. 48, 227 S.W. 938); Sparks v. Mince, Tex. Civ.App., 138 S.W.2d 203.

■ Moreover in the case at bar it was appellant who first introduced testimony that appellee conveyed his property to his daughter in trust. Appellant introduced excerpts from a written statement signed by appellee to that effect. Under such circumstances she will not be heard to complain that appellee offered similar testimony. Hambleton v. Southwest Texas Baptist Hospital, Tex.Civ.App., 172 S.W. 574, syl. 6; Haley v. Ennis, Tex.Civ.App., 274 S.W. 215 (writ dism.). Appellant's third point is overruled.

■ Appellant takes the view that the property in dispute was acquired by appellee May 15, 1951, when it was reconveyed to him by his daughter. Since its acquisition on that date was not by gift, descent or devise, appellant says that the property must be regarded as community, as she and appellee were husband and wife at that time. This is the basis for her first point on appeal.

■ It is undisputed that appellee owned the property free of debt before his marriage to appellant. He testified that he conveyed it to his daughter only to be held in trust for him, to be reconveyed to him when he wanted it. As we have already said, this testimony was admissible. Obviously the court made an implied finding based on the testimony of appellee and the surrounding circumstances that the daughter at all times held the property in trust for appellee. So it follows that appellee conveyed only his legal title to his daughter. The equitable and beneficial title at all times remained in appellee. As such title orginated at a time prior to appellee's marriage to appellant it must certainly be considered as his separate property. Welder v. Lambert, 91 Tex. 510, 44 S.W.

281, at pages 283 and 284; Mendoza v. Mendoza, Tex.Civ.App., 255 S.W.2d 251. And where one owns such an equitable and beneficial title as that asserted by appellee in this case, the property in question must be considered as property "owned or claimed" by appellee under Art. 4613 V.A.C.S. Even the legal title must be returned to him at his election, for Art. 7425b–41 specifically provides that every trust shall be revocable unless expressly made irrevocable by its own terms. Moreover it has been held that under a passive dry trust the owner of the equitable title may sue to recover legal title in an action of trespass to try title. Hall v. Rawls, Tex.Civ.App., 188 S.W.2d 807 (ref.w.m.). We overrule appellant's first point on appeal.

■ The homestead was part of the property owned clear of debt by appellee prior to his marriage. It was his separate property. Nevertheless appellant says that under the holding in Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, the trial court was required to award it to her or to make some other allowance to her.

We overrule appellant's contention. The cited case involved not only the wife but also two minor children. The trial court had awarded the use of the homestead to the wife and children during the wife's natural life. The Court of Civil Appeals on certified questions asked whether the trial court had such authority. The Supreme Court answered yes. But the opinion does not hold that the trial court is *required* to make such division of property. On the contrary it holds that "the court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, * * * and that its action * * * should be corrected on appeal only where an abuse of discretion is shown * * *." Under the facts of this case we do not believe we may fairly say that the trial court abused its discretion. Appellant's second point on appeal is overruled.

The judgment of the trial court is affirmed.